ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
CALENDAR: B
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| OLLIE FRANKLIN JR., <br><br> *Plaintiff,* <br><br> v. <br><br> KARYN'S COOKED, INC.; and 738 NORTH WELLS BUILDING LLC, <br><br> *Defendants.* | Case No. _____ <br><br><br> **COMPLAINT** |

Plaintiff Ollie Franklin Jr., by and through the undersigned counsel, brings this action against Defendants Karyn's Cooked, Inc., an Illinois business corporation; and 738 North Wells Building LLC, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the restaurant known as "Karyn's Cooked", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "Karyn's Cooked", located at 738 N Wells St, Chicago, IL 60654.

3. Defendants' failure to provide equal access to "Karyn's Cooked" violates the mandate of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant Karyn's Cooked, Inc. was given advance notice that its facilities contained accessibil-

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 2 of 9

ity barriers through a letter sent on May 13, 2015, prior to the initiation of the instant suit for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court has concurrent jurisdiction over the federal cause of action and has original jurisdiction over the state cause of action pursuant to 775 ILCS 5/10-102.

7. Venue in this judicial district is proper pursuant to 735 ILCS 5/2-101 because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Ollie Franklin Jr. is a resident of the city of Chicago, Illinois. Plaintiff Franklin suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA, 775 ILCS 5/1-103(I).

9. Plaintiff Ollie Franklin Jr. suffers from psoriatic arthritis. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is forced to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 3 of 9

10. Defendant Karyn's Cooked, Inc., an Illinois business corporation, is the operator of the real property and improvements which are the subject of this action, the restaurant "Karyn's Cooked", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 738 N Wells St, Chicago, IL 60654.

11. Defendant Chicago Title Land Trust Company, an Illinois business corporation, is trustee of Trust Number 5-1198, the owner of the real property and improvements which are the subject of this action, the restaurant "Karyn's Cooked", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 738 N Wells St, Chicago, IL 60654.

## FACTUAL BACKGROUND

12. On or around May 5, 2015 Plaintiff Franklin attempted to visit "Karyn's Cooked", which is located approximately four city blocks from his apartment.

13. Upon arrival, Plaintiff Franklin could not find an accessible entrance into the restaurant.

14. The front entrance had two steps between the sidewalk and the front entrance. The steps were each about six inches in height. The front entrance did not provide a ramp alternative to the step. A photograph in Exhibit A to this Complaint shows the front entrance to "Karyn's Cooked".

15. No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance or side entrance.

16. In light of the architectural barriers at "Karyn's Cooked", Plaintiff Franklin is deterred from visiting "Karyn's Cooked" in the future. He is unable to enter "Karyn's Cooked". Plaintiff Franklin would like to be able to patronize "Karyn's Cooked", but these architectural barriers deter him from doing so. He plans to return and patronize "Karyn's Cooked" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 4 of 9

17. Plaintiff Franklin attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA and IHRA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA and IHRA, Plaintiff Franklin cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

18. Defendants have discriminated against Plaintiff Franklin on the basis of his disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "Karyn's Cooked". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Karyn's Cooked" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "Karyn's Cooked" does not have an accessible public entrance, in violation of ADAAG 206.4.1.
   b. The front entrance to "Karyn's Cooked" has a change in level greater than half an inch but lacks a ramp, in violation of ADAAG 404.2.5 and 303.4.
   c. To the extent that "Karyn's Cooked" has an accessible entrance, the entrance is not marked as accessible, in violation of ADAAG 216.6.
   d. To the extent that "Karyn's Cooked" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any), is not marked with directional signage, in violation of ADAAG 216.6.

19. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff or which exist at "Karyn's Cooked".

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 5 of 9

20. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Karyn's Cooked" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG, and the ILCS.

21. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b). Even if installing a permanent ramp would not be readily achievable, Defendants could comply with federal standards by employing a portable ramp. § 28 C.F.R. 36.304(e).

22. As a person with a disability, Plaintiff Franklin has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

23. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Karyn's Cooked" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

### FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

24. Plaintiff incorporates and realleges the above paragraphs.

25. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

26. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

27. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Franklin has been denied full and equal access to "Karyn's Cooked" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

28. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

29. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

30. Plaintiff Franklin plans to visit "Karyn's Cooked" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Karyn's Cooked" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

31. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Karyn's Cooked" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Karyn's Cooked" until such time as Defendants cure the access barriers.

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 6 of 9

32. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

33. Plaintiff incorporates and realleges the above paragraphs.

34. 775 ILCS 5/5-102 provides:

> It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

35. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Franklin has been denied full and equal access to "Karyn's Cooked" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

36. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

37. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

38. Plaintiff Franklin plans to visit "Karyn's Cooked" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Karyn's Cooked" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

39. This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Karyn's Cooked" readily accessible to and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "Karyn's Cooked" until such time as Defendants cure the access barriers.

40. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

**WHEREFORE**, Plaintiff respectfully requests:

   a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and the IHRA.

   b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) and 775 ILCS 5/10-102 enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the IHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

   c. That the Court award Plaintiff actual and punitive damages to be paid by Defendants pursuant to 775 ILCS 5/10-102(C)(1).

   d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 and 775 ILCS 5/10-102(C)(2), or as otherwise provided by law; and

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 8 of 9

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the IHRA.

DATED: July 16, 2015

/s/ John Steele
John L. Steele (# 44190)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 9 of 9

ELECTRONICALLY FILED
7/16/2015 12:23 PM
2015-L-007234
PAGE 2 of 2

