**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OLLIE FRANKLIN JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 15-cv-7716 |
| | ) | |
| | ) | |
| KARYN'S COOKED INC. and 738 NORTH | ) | |
| WELLS BUILDING LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, KARYN'S COOKED INC. and 738 NORTH WELLS BUILDING LLC, by

and through their undersigned attorneys, for their Answer to the Complaint of Plaintiff, OLLIE

FRANKLIN JR., state as follows:

**INTRODUCTION**

1.      Plaintiff brings this civil rights action against Defendants for failing to design,

construct, and/or own or operate facilities that are fully accessible to, and independently usable

by, persons with disabilities. Defendants have failed to remove architectural barriers at the

restaurant known as "Karyn's Cooked," even though such removal is readily achievable.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 1 of the

Complaint.

2.      The violations alleged in this complaint occurred at "Karyn's Cooked," located at

738 North Wells Street, Chicago, IL 60654.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 2 of the

Complaint.

3.      Defendants' failure to provide equal access to "Karyn's Cooked" violates the mandate of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant Karyn's Cooked, Inc. was given advance notice that its facilities contained accessibility barriers through a letter sent on May 13, 2015, prior to the initiation of the instant suit for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy discriminatory barriers at their facilities.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court

has concurrent jurisdiction over the federal cause of action and has original jurisdiction over the state cause of action pursuant to 775 ILCS 5/10-102.

**ANSWER:** Defendants deny any application of 775 ILCS 5/10-102 to this lawsuit, but admit the truth of the remaining allegations contained in Paragraph 6 of the Complaint.

7.    Venue in this judicial district is proper pursuant to 735 ILCS 5/2-101 because Defendants are located and transact business within this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

**ANSWER:** Defendants admit the truth of the allegations contained in Paragraph 7 of the Complaint, except that Defendants deny that any acts or omissions have occurred and that 735 ILCS 5/2-101 has any application to this lawsuit.

**PARTIES**

8.    Plaintiff Ollie Franklin Jr. is a resident of the City of Chicago, Illinois. Plaintiff Franklin suffers from, and at all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA. 775 ILCS 5/1-103(1).

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 8 of the Complaint.

9.    Plaintiff Ollie Franklin Jr. suffers from psoriatic arthritis. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is forced to use *[sic]* wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 9 of the Complaint.

3

10.     Defendant, Karyn's Cooked, Inc., an Illinois business corporation, is the operator of the real property and improvements which are the subject of this action, the restaurant "Karyn's Cooked," a place of public accommodation within the meaning of the ADA and [sic] ILCS, located at the street address of 738 N. Wells Street, Chicago, IL 60654.

**ANSWER:**    Defendants admit the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant Chicago Title Land Trust Company, an Illinois business corporation, is trustee of Trust Number 5-1198, the owner of the real property and improvements which are the subject of this action, the restaurant "Karyn's Cooked," a place of public accommodation within the meaning of the ADA and *[sic]* ILCS, located at the street address of 738 N. Wells Street, Chicago, IL 60654.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 11 of the Complaint, and affirmatively allege that Chicago Title Land Trust Company is not a named defendant in this lawsuit.

## FACTUAL BACKGROUND

12.     On or around May 5, 2015 Plaintiff Franklin attempted to visit "Karyn's Cooked," which is located approximately four city blocks from his apartment.

**ANSWER:**    Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Upon arrival, Plaintiff Franklin could not find an accessible entrance into the restaurant.

**ANSWER:**    Defendants deny the truth of the allegations contained in Paragraph 13 of the Complaint.

14. The front entrance had two steps between the sidewalk and the front entrance. The steps were each about six inches in height. The front entrance did not provide a ramp alternative to the step. A photograph in Exhibit "A" to this Complaint shows the front entrance to "Karyn's Cooked."

**ANSWER:** Defendants admit the truth of the first and second sentences of the allegations contained in Paragraph 14 of the complaint, but deny the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15. No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 15 of the Complaint.

16. In light of the architectural barriers at "Karyn's Cooked," Plaintiff Franklin is deterred from visiting "Karyn's Cooked" in the future. He is unable to enter "Karyn's Cooked." Plaintiff Franklin would like to be able to patronize "Karyn's Cooked," but these architectural barriers deter him from doing so. He plans to return and patronize "Karyn's Cooked" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Plaintiff Franklin attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA and IHRA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA and IHRA, Plaintiff Franklin cannot independently

access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 17 of the Complaint.

## FACT ALLEGATIONS

18.     Defendants have discriminated against Plaintiff Franklin on the basis of disabilities by failing to comply with the requirements of the ADA and the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") and the [sic] ILCS with regard to "Karyn's Cooked." A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Karyn's Cooked" which limit the ability of persons in wheelchairs to access the facilities and/or enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a.    "Karyn's Cooked" does not have an accessible entrance, in violation of ADAAG 206.4.1.

   b.    The front entrance to "Karyn's Cooked" has a change in level greater than half an inch but lacks a ramp, in violation of ADAAG 404.2.5 and 303.4.

   c.    To the extent that "Karyn's Cooked" has an accessible entrance, the entrance is not marked as accessible, in violation of ADAAG 216.6.

   d.    To the extent that "Karyn's Cooked" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any), is not marked with directional signage, in violation of ADAAG 216.6.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and *[sic]* ILCS encountered by Plaintiff or which exist at "Karyn's Cooked."

**ANSWER:**     Defendants deny that they are in violation of the ADA and/or the ADAAG, and therefore deny the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Karyn's Cooked" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG and the ILCS.

**ANSWER:**     Defendants deny the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because of removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable," including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b). Even if installing a permanent ramp would not be readily achievable. Defendants could comply with federal standards by employing a portable ramp. § 28 C.F.R. 36.304(e).

**ANSWER:**     Defendants currently employ a portable ramp, which is marked as accessible, and are in compliance with ADA standards and the ADAAG and, therefore, deny the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22. As a person with a disability, Plaintiff Franklin has a personal interest in having full and equal access to places of public accommodation and the goods, services, facilities, privileges, advantages or other things offered therein.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 22 of the Complaint as, upon information and belief, Plaintiff, Franklin, has no personal interest in having full and equal access to Karyn's Cooked, a vegetarian restaurant, but instead was solicited to bring this lawsuit.

23. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Karyn's Cooked" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 23 of the Complaint.

### FIRST CAUSE OF ACTION
### Violations of the American with Disabilities Act, 42 U.S.C. §§12101 *et seq.*

24. Plaintiff incorporates and realleges the above paragraphs.

**ANSWER:** Defendants incorporate their Answers to Paragraphs 1 through 23 of the Complaint as their Answer to Paragraph 24 of the Complaint.

25. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.,* provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

**ANSWER:**     The allegations of Paragraph 25 of the Complaint constitute legal conclusions rather than averments of fact, and Defendants therefore neither admit nor deny the same. Defendants further deny that they violated the ADA.

26.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

**ANSWER:**     The allegations of Paragraph 25 of the Complaint constitute legal conclusions rather than averments of fact, and Defendants therefore neither admit nor deny the same. Defendants further deny that they violated the ADA.

27.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Franklin has been denied full and equal access to "Karyn's Cooked" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

**ANSWER:**     Defendants deny the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

**ANSWER:**     Defendants deny that they have violated the ADA or ADAAG and, therefore, deny the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants have failed to remove architectural barriers to full an equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

**ANSWER:**     Defendants deny that they have violated the ADA, and therefore, deny the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Plaintiff Franklin plans to visit "Karyn's Cooked" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonable anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Karyn's Cooked" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

**ANSWER:**     Defendants deny the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Karyn's Cooked" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Karyn's Cooked" until such time as Defendants cure the access barriers.

**ANSWER:**     Defendants admit that this Court has such authority, but, the exercise of the same is unwarranted under the current circumstances, as Defendant has fully complied with the requirements of the ADA and ADAAG, and, therefore, deny the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**ANSWER:**     Defendants deny that Plaintiff is entitled to recover attorneys' fees, litigation expenses and costs from Defendants, and Defendants are without sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in Paragraph 32 of the Complaint.

**SECOND CAUSE OF ACTION**
**Violations of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.***

33.     Plaintiff incorporates and realleges the above paragraphs.

**ANSWER:**     Defendants incorporate their Answers to Paragraphs 1 through 32 of the Complaint as their Answer to Paragraph 33 of the Complaint.

34.     775 ILCS 5/5-102 provides:

It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

**ANSWER:**     The allegations of Paragraph 34 of the Complaint constitute legal conclusions rather than averments of fact, and Defendants therefore neither admit nor deny the same. Defendants further deny that they violated the IHRA.

35.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Franklin has been denied full and equal access to "Karyn's Cooked" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

**ANSWER:** Defendants deny that they have violated the IHRA and, therefore, deny the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

**ANSWER:** Defendants deny that they violated the IHRA and, therefore, deny the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Plaintiff Franklin plans to visit "Karyn's Cooked" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Karyn's Cooked" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist as Defendants' place of public accommodation, including those set forth specifically herein.

**ANSWER:** Defendants deny the truth of the allegations contained in Paragraph 38 of the Complaint.

39. This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Karyn's Cooked" readily accessible and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "Karyn's Cooked" until such time as Defendants cure the access barriers.

**ANSWER:**    Defendants admit that this Court has such authority, but, the exercise of the same is unwarranted under the current circumstances, as Defendants are in full compliance with the IHRA and, therefore, deny the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

**ANSWER:**    Defendants deny that Plaintiff is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, but are without sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in Paragraph 40 of the Complaint.

WHEREFORE, Defendants, KARYN'S COOKED INC. and 738 NORTH WELLS BUILDING LLC, pray that this Court enter judgment in their favor and against Plaintiff, OLLIE FRANKLIN JR., and that Plaintiff take nothing by way of his Complaint.

Respectfully submitted,

**KARYN'S COOKED INC.** and **738 NORTH WELLS BUILDING LLC,**
Defendants

By: ___/s/ Olga S. Dmytriyeva___
        One of Their Attorneys

Daniel J. Voelker, Esq.
Olga S. Dmytriyeva, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
dvoelker@voelkerlitigationgroup.com
olga@voelkerlitigationgroup.com


Dated: September 17, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of said filing to all parties of record registered with the CM/ECF system.


    /s/ Olga S. Dmytriyeva___